AUGUSTINE, Judge.
The single question upon which this appeal turns is whether the trial court erred in finding that the automobile collision which resulted in plaintiff’s injuries was not caused by the condition of the roadway, but rather by the defendant’s negligence. Such questions of fact are to be resolved with considerable deference to the trial court, whose findings we will not disturb in the absence of manifest error. Arceneaux v. Dominque, 365 So.2d 1330 (La.1979).
Louisiana Highway 23 is the main artery between New Orleans and the smaller towns scattered along the west bank of the Mississippi River toward the south, the record abundantly establishes that many sections of the road are in constant disrepair; the area just north of West Pointe-a-la-Hache is particularly known among residents as a challenge to automotive engineering, given the frequency with which its potholes cause wheel rims to buckle and tires to blow out.
On September 14, 1977, heavy rains had fallen in the area around West Pointe-a-la-Hache, causing driving conditions to be something less than ideal. Just north of the point where an elevated gas pipeline crosses above the highway, rainwater collected upon the road in a long pool which covered most of the southbound lane.
The accident which gave rise to this litigation occurred when Victoria Parker, driving southward in a borrowed 1975 Dodge, entered the pool of rainwater and lost control of the vehicle, spinning across the road into the north-bound lane, the path of plaintiff Leo R. Woolverton. In the ensuing collision, Mr. Woolverton was severely injured.
Woolverton’s suit for damages named Victoria Parker and the State of Louisiana as the principal defendants. Plaintiff alleged that Parker’s negligence consisted of, among other things, proceeding at an unreasonable rate of speed under the circumstances. Woolverton also charged the State of Louisiana with negligence in allowing the Highway 23 to be maintained in a hazardous condition, and further alleged that a proximate cause of the collision was the defective condition of the roadway.[1] Similarly, defendant Parker sought to avoid liability by contending that the accident was not caused by any negligence on her part, but by a defect in the road — a pothole— which threw her vehicle out of control.
Following trial on the merits, the trial court awarded plaintiff a judgment against Victoria Parker, finding that her negligence was the sole cause of the accident. Consistent with that determination, the court dismissed plaintiff’s suit against the State of Louisiana. This appeal followed, prosecuted by both the defendant Parker and the plaintiff Woolverton, both of whom are interested in establishing that the primary cause of the collision was the defective condition of Highway 23.
With particular regard to the issue of causation, the record discloses the following:
Victoria Parker testified that at about 3:15 p.m. on September 15, 1977 she was driving south on Highway 23, returning to her home in Empire, Louisiana from Gret-na, where her passenger Helen Hill had visited the doctor. A steady rain and bumpy, road accompanied them the entire way. As Parker approached the overhead pipeline near West Pointe-a-la-Hache, she observed the car in front of her veer into the northbound lane to avoid an elongated puddle of water. Seeing this, Parker said, she slowed to a speed of about fifteen miles per hour and proceeded into the puddle. Within three or four seconds after entering the water, she felt a jolt and heard a loud bang — according to Parker, the effect of hitting a large pothole. The car then spun into the northbound lane and collided with the vehicle driven by Leo Woolverton. Parker contends that the submerged pothole was the cause-in-fact of the accident.
*212 Parker’s guest passenger, Helen Hill, similarly testified that shortly after Parker slowed to enter the water, “it just felt like the whole bottom of the car was on the highway, and the car just went out of control...”. Tr. 97.
Rose Riley was also a passenger in Parker’s car that day. She testified that she had been napping in the back seat on the way home but had woken up just before the accident. She recalled asking Parker why she was driving so slowly. Parker’s response was that, “They were working on the highway — and water.” Tr. 111. Riley also testified that immediately before the collision, the automobile felt and sounded like it hit a hole.
James Riley (Rose’s cousin) testified that on the morning after the accident, he was travelling on Highway 23 and came upon the site of the collision. As he drove slowly past the point of impact, Riley said, he observed near the centerline of the highway a depression about two feet wide and eight inches deep.
The testimony of these witnesses was supported by that of Cornell Latham, Chairman of the Plaquemines Parish Chamber of Commerce in 1976, who testified that while occupying that office, he had sent formal correspondence to the Louisiana Department of Highways informing that agency of the poor condition of Highway 23, and notifying them that he had received complaints from several citizens concerning potholes and rough spots. Latham testified that his own automobiles were constantly being knocked out of line by the condition of the road. He recalled that in June, July and August 1976, the Chamber of Commerce met and discussed the unsatisfactory repairs that had been performed on Highway 23, specifically, the fact that potholes had been filled with asphalt which had a propensity to wash away during a hard rain.
The deposition of Louisiana State Trooper Robert Maddolozza confirmed Latham’s testimony, describing as it did the hazardous condition of the road on the day of the accident. Maddolozza supervised investigation at the scene, arriving there approximately twenty-five minutes after the collision. He described the road surface just north of the impact point as generally rough and uneven, marked by depressions where the pavement had sunk in. He stated that motorists along that strip of highway frequently lost hubcaps or had tire blowouts, and recalled having investigated several accidents in the same vicinity.
The foregoing summary presents appellants’ strongest case for the existence of an accident-causing hole on Highway 23. The persuasiveness of appellants’ contentions, however, presupposes the credibility of three witnesses whose interest in the outcome of this litigation is undeniable. The trial judge apparently did not regard their testimony as credible, and we cannot say he was manifestly erroneous in that. We have reviewed the film submitted in evidence and find, as the trial judge did, that although it does show that the highway where this accident occurred is rough and uneven, the culprit pothole is conspicuously absent — nor is there any other observable condition depicted by the film which might cause a reasonably careful driver to lose control of a vehicle while driving at a prudent speed. We also consider it significant that there was no evidence whatsoever of damage to the front tires or wheel rims of Parker’s automobile. Moreover, Trooper Maddolozza admitted under cross-examination that he made no inspection of the road surface underneath the water to determine whether there were any potholes or cracks which might have caused the accident. In short, other than testimony concerning the condition of the road in general, there was no objectively verifiable evidence of the specific defect which appellants claim to have existed. Given the relative ease with which such evidence — had it existed — could have been collected and preserved, we think its absence is a deficiency which tends to impeach the testimony of appellants’ witnesses. The trial judge therefore did not commit manifest error in disbelieving their testimony. Absent a showing of manifest error, we shall not disturb the trial court’s *213 findings of fact. Canter v. Koehring. 283 So.2d 716 (La.1973).
We agree with the trial court that the most likely cause of the accident was Parker’s negligence. We note that she was unlicensed, probably inexperienced, and driving a borrowed automobile whose handling characteristics were unfamiliar to her. Even under the best conditions, such a driver would have been at some disadvantage; the trial court found that given the driving conditions of September 15, 1977, Parker’s “disadvantage” constituted negligence and caused a collision. We find no manifest error in that determination.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.

. In so alleging, plaintiff invoked strict liability under Art. 2317 of the Louisiana Civil Code, as interpreted by Loescher v. Parr, 324 So.2d 441 (La.1976) and its progeny.